Nash, C. J.
 

 Thq demurrer cannot be sustained. The defendants demur, because the plaintiff has not made by his bill such a case as entitles him to any discovery or relief, and that any discovery from the defendants, cannot avail the plaintiff for any of the purposes for which a discovery is sought, nor entitle the complainant to the relief he seeks.
 

 The bill states that the plaintiff claims the land in question,- under a sale made by the Clerk and Master of the Court of Equity of Martin, by virtue of a decree of said Court, and that in the deed of trust executed by the said Eli Burnett, the word heirs in the limitation of the estate to him was accidentally omitted, whereby only a life estate was conveyed. When the Clerk and Master sold, he intended as well to sell, as the said Eli in his conveyance intended and expected to purchase, a fee simple in the land. That in consequence of this mistake, he fears the title in fee has descended.to the defendants, who are the heirs of Eli Burnett, who owned the land, and who is now dead ; and the defendants were parties to the proceedings under which the Master sold. The bill asks that the mistake may be rectified. The demurrer admits the facts set forth in the bill.
 

 
 *212
 
 The deed under which the plaintiff claims, conveyed but a life estate to him, and upon the death of Eli Burnett, the fee .descended to the defendants, his heirs. If the defendants did not intend to avail themselves of the accidental omission of the word heirs in the conveyance to the plaintiff, they ought to have disclaimed all title. If the plaintiff in a bill in Equity untruly states that the defendant has an interest in the matter in dispute, the latter may put in a disclaimer of any right. If this be done all controversy is at an end, and the bill may be dismissed as to him, or a decree made against him according to the interest disclaimed and the-security of the plaintiff may require. This the defendant has not done, but he has chosen to demur ; and as a demurrer is an admission of the facts properly set forth in the bill, and as they in this stage of the pleadings, show a clear equity, the demurrer cannot, for the causes set forth in it, be sustained. Adams on Eq., Ludlow
 
 &
 
 Collins’ ed., 604. Nor is it a sufficient cause to dismiss the bill, that he has a legal title according to the statements of the bill. He has a right, if there be an outstanding incumbrance, or a cloud resting on the title, to come into a Court of Equity to have the cloud removed.
 

 Other causes of demurrer have been assigned,
 
 ore tenus,
 
 on the argument here. The first of these is for the want of parties. The bill alleges, “ that Eli Burnett at his death left as his heirs at law many children, all of whom are dead intestate, except Thomas Burnett,” <fec. It is said that the children that are dead may have left children, and that they ought to have been made parties. If such were the fact that 'they did leave issue, which were within the jurisdiction of the Court, they certainly ought to have been made parties. But there is nothing to show that such was the case, and we are not apprised of any rule of law or equity which presumes the birth of children. If the deceased children left no children, then the other defendants who are their brothers and sisters, are their heirs at law.
 

 The second assigned is, that there are no persons made parties defendant by the bill. The bill after setting out the death of Eli Burnett., states that he left C£ many children, all of whom are dead
 
 but the defendants,
 
 Thomas Burnett, who resides in the State of Florida, George Burnett, Sally Savage, a widow, Feli-
 
 *213
 
 da Burnett and Abby Burnett, who all reside in this county.” The bill then prays “that to the end therefore, that the defendants on their coporal oaths, full, true and perfect answers make,” &c. It then prays process
 
 against the defendants.
 
 The bill is certainly not drawn with that attention to establish rules and forms so desirable in proceedings in a Court of Equity ; but it is sufficiently so, to avoid the objection urged.
 

 Our attention has been drawn in the argument to the case of
 
 Hoyle
 
 v. Moore, 4 Ire. Eq. 175. We think that case very clearly distinguishable from this. In that, the bill prayed “ that the proper parties may be made defendants,”
 
 &c.
 
 — “ that the clerk may be ordered to issue the State’s writ of subpoena to the proper defendants.” In no part of it does it set forth the names of the defendants, but the Court is called on to direct the clerk to find out who are to be made defendants. The case before us is different. It does set forth, by name, who are the heirs at law of Eli Burnett, alleges that they are the
 
 defendants,
 
 and prays process against the defendants, who are the persons whose names are set forth in a preceding part of the bill, and who are there called defendants.
 

 Per Curiam. . Demurrer overruled.